J-S03019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICARDO VILORIO-HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 394 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 18, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001532-2023

BEFORE: DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY BECK, J.:                    **FILED: JULY 14, 2026**

Ricardo Vilorio-Hernandez ("Vilorio-Hernandez") appeals from the judgment of sentence imposed by the Lancaster County Court of Common Pleas ("trial court") following his convictions of three counts of indecent assault of a child less than thirteen years old; two counts of criminal attempt to commit involuntary deviate sexual intercourse with a child; and one count each of rape of a child, rape by forcible compulsion, aggravated indecent assault of a child, aggravated indecent assault of a person less than sixteen years old, indecent assault of a person less than sixteen years old, unlawful contact with minor, corruption of minors, and endangering the welfare of children.[1] Vilario-Hernandez argues that the trial court improperly graded his

---

[1] 18 Pa.C.S. §§ 3126(a)(7), 901(a), 3121(c), 3121(a)(1), 3125(b), 3125(a)(8), 3126(a), 6318(a)(1), 6301(a)(1), 4304(a).

unlawful contact with a minor conviction and imposed an illegal sentence. We

affirm.

The trial court set forth the relevant factual and procedural history as

follows:

> On October 17, 2024, following a three-day jury trial, [Vilorio-Hernandez] was found guilty of multiple sexual offenses arising from incidents with the victim[, D.S.,] from 2004-2009. [N.T.,] 10/15/2024, at 60. The victim in this case, who was approximately nine years old when the incidents began, testified regarding her experience. She [testified] that she had seen [Vilorio-Hernandez] "jerking" his penis in the kitchen and in her room. [*Id.*] at 81-82. She testified that, shortly after seeing this, she would sleep in bed with her mother and [Vilorio-Hernandez] on occasion; there, he would put his hands down her underwear and would rub his fingers on her vagina. [*Id.*] at 83-85. She testified that sometimes during these nights, [Vilorio-Hernandez] would put his fingers inside her vagina. [*Id.*] at 85.
>
> The victim testified that [Vilorio-Hernandez] would caress her breasts and rub his penis "on her private area" in the basement of one of the houses where they were living. [*Id.*] at 88-90. She further testified that [Vilorio-Hernandez] would show her pornographic magazines and videos and told her that he wanted her to do the things depicted in the images to him. [*Id.*] at 93-94. She further testified that [Vilorio-Hernandez] would attempt to force her head on his penis, but she would resist. [*Id.*] at 94-95.
>
> The victim went on to testify that, when she was 13 years old, [Vilorio-Hernandez] "fullblown put his penis inside" her. [*Id.*] at 100. The victim testified that, during this incident, [Vilorio-Hernandez] put his hand over her mouth, forced his penis inside her vagina, and began "moving his body in motion." [*Id.*] at 101. The victim described this as an aggressive incident that made her feel as if she was going to pass out and stated that she started to bleed. [*Id.*] at 102. The victim testified that when she was 15 years old, after having little contact with [Vilorio-Hernandez] after the last incident, she saw him again and started to panic. [*Id.*] at 107. She testified that it was then she decided she wanted to take her own life. *Id.*

On October 17, 2024, the jury found [Vilorio-Hernandez] guilty of [the above-mentioned crimes. ***Id.***] at 498-500. On February 18, 2025, [Vilorio-Hernandez] was sentenced to an aggregate term of 40 to 80 years' incarceration. [Subsequently, on February 19, 2025, the trial court entered an order finding Vilorio-Hernandez to be a sexually violent predator. The trial court directed that a post-sentence motion be filed within ten days of that order.] On March 1, 2025, [Vilorio-Hernandez] filed a post-sentence motion requesting a modification of sentence. Th[e trial] court denied the motion on March 10, 2025. [Vilorio-Hernandez] filed his notice of appeal on March 20, 2025, and the filed his concise statement of matters complained of on appeal on April 11, 2025.[2]

Trial Court Opinion, 5/15/2025, at 1-3 (footnote and some citations and capitalization omitted; bracketed footnote added).

On appeal, Vilorio-Hernandez raises the following question for our review:

Was [] Vilorio-Hernandez illegally convicted of first-degree felony unlawful contact with minor because the jury was not instructed that it must find that [] Vilorio-Hernandez made contact with [D.S.] for the purpose of committing a specific first-degree felony sexual offense; thus, could he only properly be found guilty of the third-degree felony version of the offense?

Vilorio-Hernandez's Brief at 6.

_____

2 Vilorio-Hernandez's post-sentence motion was stamped as filed and docketed on Saturday, March 1, 2025, which was timely filed, and would have been timely even if filed on Monday March 3, 2025. ***See*** Pa.R.Crim.P. 720(A)(1) (stating that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); ***see also Commonwealth v. Muldrow***, 327 A.3d 256, 258 (Pa. Super. 2024) (citation omitted) (noting "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation") (citation omitted).

"A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence." ***Commonwealth v. Mendozajr***, 71 A.3d 1023, 1027 (Pa. Super. 2013). "When reviewing the legality of a sentence, our standard of review is de novo and our scope of review is plenary." ***Commonwealth v. Pope***, 216 A.3d 299, 303 (Pa. Super. 2019). "When a sentence lacks statutory authorization or exceeds the legal parameters prescribed by the applicable statute, the sentence is illegal and must be vacated, and the appellate court shall remand the matter for a corrected sentence to be imposed." ***Id.***

Section 6318 defines the offense of unlawful contact with a minor as follows:

> **(a) Offense defined.--**A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:
>
> (1)    Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).
>
> \*    \*    \*
>
> **(b) Grading.--**A violation of subsection (a) is:
>
> (1)    an offense of the same grade and degree as the most serious underlying offense in subsection (a) for which the defendant contacted the minor; or
>
> (2)    a felony of the third degree;
>
> whichever is greater.

18 Pa.C.S. § 6318(a)-(b). Section 6318(a) "focuses on communication, *verbal or non-verbal*, and does not depend upon the timing of the communication. Thus, it matters not whether the communication occurred at the outset of or contemporaneously with the contact; once the communicative message is relayed to a minor, the crime of unlawful contact is complete." *Commonwealth v. Davis*, 225 A.3d 582, 587 (Pa. Super. 2019) (emphasis in original).

"[T]he offenses listed in [s]ection 6318(a)(1) … are not predicate offenses for the crime of an unlawful contact with a minor." *Pope*, 216 A.3d at 304. "Rather, a defendant is guilty under [s]ection 6318 if he or she contacts the minor for the purpose of engaging in the prohibited behaviors criminalized in Chapter 31 of the Crimes Code or the other offenses set forth in [s]ection 6318(a)." *Id.* (cleaned up). "Thus, a defendant need not be convicted of a [s]ection 6318(a)(1) … offense to be found guilty of unlawful contact with a minor, and in fact need not even be separately charged with the underlying offense." *Id.* "However, when the Commonwealth does charge the defendant with a Chapter 31 offense, an acquittal is relevant for sentencing purposes under subsection 6318(b)." *Commonwealth v. Reed*, 9 A.3d 1138, 1146 (Pa. 2010) (citation omitted).

Vilorio-Hernandez contends that although he was convicted of several enumerated offenses under subsection (a) as first-degree felonies,[3] he could not be convicted of unlawful contact as a first-degree felony "because the jury was not instructed that it must find that [he] made contact with D.S. for the purpose of committing a specific first-degree felony sexual offense." Vilorio-Hernandez's Brief at 12, 15-16. He claims that the jury must be instructed as to the specific unlawful acts before the unlawful contact could be graded as a first-degree felony. *Id.* at 16. In this case, he asserts that in the jury charge, the trial court only stated that the "contact was [for] the purpose of engaging in an unlawful act; that is, sexual abuse of a child." *Id.* at 13 (citing N.T. 10/17/2024, at 486-87).

Vilorio-Hernandez claims the trial court did not instruct the jury in accordance with the suggested standard jury instruction, as it merely referred to the generic term of sexual abuse without specifically identifying the unlawful acts. *Id.* at 14-16. He challenges the trial court's finding that the "technical inaccuracy of the jury instruction nevertheless clearly explained the law, and what elements were needed to convict [him]." *Id.* at 16 (quotation marks omitted). Vilorio-Hernandez argues that the instruction was sufficient to allow the jury to find the element of unlawful contact, but was not sufficient

---

[3] The jury convicted Vilorio-Hernandez of multiple first-degree felonies under Chapter 31 of Title 18: rape of a child, rape by forcible compulsion, and aggravated indecent assault of a child under thirteen.

to find that unlawful contact should be graded as a first-degree felony. *Id.* at 16-17. To meet this burden, he contends the trial court had to instruct the jury that it had to find he had contact with a minor for the purpose of engaging in charged sex offenses that were first-degree felonies. *Id.* at 16-17, 21; *see also id.* at 21 (the lack of this finding is not subject to a harmless error analysis). Therefore, he argues that his unlawful contact sentence was illegal as he should have been sentenced for a third-degree felony. *Id.* at 12, 18, 21, 22-23.[4]

The trial court rejected Vilorio-Hernandez's claim. It explained that although it did not use the express language in the standard jury instruction for unlawful contact with a minor, the instruction accurately and clearly expressed the elements of the offense, and Vilorio-Hernandez "was legally convicted of unlawful contact with a minor, graded as a first-degree felony." *See* Trial Court Opinion, 5/15/2025, at 6-8.

We agree that the trial court properly instructed the jury on the unlawful contact offense. The record reflects that the trial court instructed the jury as to the sex offenses Vilorio-Hernandez was accused of committing under

_____

[4] We note that Vilorio-Hernandez cites to **Commonwealth v. Popow**, 844 A.2d 13 (Pa. Super. 2004), and **Commonwealth v. Passarelli**, 789 A.2d 708 (Pa. Super. 2001), to support his claim. Vilorio-Hernandez's Brief at 18, 20, 22. However, these cases involve convictions of endangering the welfare of a child and do not involve the grading an unlawful contact conviction. Vilorio-Hernandez does not explain how those holdings apply to the language found in section 6318.

Chapter 31 of Title 18, in detail. **See** N.T., 10/17/2024, at 472-75, 480-82. After explaining these charges, the trial court instructed the jury on count twelve, unlawful contact, and relevantly stated that the jury must find "[f]irst, that the defendant was intentionally in contact with a minor. Second, that the contact was the purpose of engaging in an unlawful act; that is, sexual abuse of a child. And third, that either the defendant or the person being contacted is within this Commonwealth." **Id.** at 486-87. Vilorio-Hernandez did not object to the jury instruction.

It is well settled that "[i]n reviewing a challenge to a jury instruction the entire charge is considered, not merely discrete portions thereof. The trial court is free to use its own expressions as long as the concepts at issue are clearly and accurately presented to the jury." **Commonwealth v. Bradley**, 232 A.3d 747, 759 (Pa. Super. 2020) (citation omitted). When examining the charge as a whole, we conclude that the trial court adequately instructed the jury on each element of unlawful contact with a minor. The jury was required to find, beyond a reasonable doubt, that Vilorio-Hernandez intentionally contacted the minor, for the purpose of sexually abusing D.S., and one of the parties was within the Commonwealth. Vilorio-Hernandez's argument would require this Court to read the unlawful contact instruction in isolation without the detailed description of the sexual offenses that immediately preceded it. Reviewing the instructions as a whole, the trial court extensively explained to the jury the charged offenses that are included under section 6318(a)—

- 8 -

including rape, rape of a child, and aggravated indecent assault of a child under thirteen—and the jury was versed in what constituted unlawful contact with a minor. ***See id.***

Further, the evidence plainly established that Vilorio-Hernandez had unlawful contact with D.S. D.S. testified that Vilorio-Hernandez asked her to get into bed with him and D.S.'s mother and that he then rubbed his fingers on her vagina and put his fingers inside her vagina. N.T., 10/15/2024, at 83-85. She indicated Vilorio-Hernandez did this "a lot" between the ages of nine and thirteen. ***Id.*** at 85-86. She also detailed other instances where Vilorio-Hernandez would call her to the basement, tell her to "lay down on the futon and stay quiet," while he touched her private areas and chest. ***Id.*** at 89-90; ***see also id.*** at 93-94 (testifying that Vilorio-Hernandez would call her downstairs and show her porn and state that he wanted D.S. to do those things to him). D.S. stated that Vilorio-Hernandez sometimes would try to put his penis in her vagina, "where my lips are at," but was unsuccessful. ***Id.*** at 90-91. D.S. additionally testified that Vilorio-Hernandez attempted to push her head down onto his penis. ***Id.*** at 94.

The evidence plainly established that Vilorio-Hernandez engaged in both verbal and nonverbal contact with D.S. for the purpose of engaging in aggravated indecent assault of a child, which is a first-degree felony. ***See Commonwealth v. Leatherby***, 116 A.3d 73, 80 (Pa. Super. 2015) (concluding evidence was sufficient to establish defendant communicated with

victim for the purpose of sexual contact where the victim testified that the defendant was in the bathroom and "told [her] to come here," "give him a hug," and began rubbing her private areas) (citations omitted); **see also** 18 Pa.C.S. § 3125(a)(1), (b), (c)(2) (stating a person commits aggravated indecent assault of a child when the person "engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures" without the complainant's consent and "the complainant is less than [thirteen] years of age," which is a first-degree felony); **Commonwealth v. Johnson**, 180 A.3d 474, 481 (Pa. Super. 2018) ("the uncorroborated testimony of a single witness is sufficient to sustain a conviction for a criminal offense, so long as that testimony can address and, in fact, addresses, every element of the charged crime").

Under the statutory language of section 6318(b), if a defendant is convicted of unlawful contact with a minor, and that conviction is for a crime of a sexual nature included in Chapter 31 of Title 18 of the Crimes Code, the unlawful contact with a minor offense is the same grade and degree as the most serious of those underlying offenses—in this case, a first-degree felony. Therefore, the trial court properly graded the unlawful contact with a minor conviction as a first-degree felony.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/14/2026</u>